UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

MARY ANN SCHRECONGOST,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, MARY ANN SCHRECONGOST, is a citizen of Florida.

2. Defendant, NCL (BAHAMAS) LTD., is a foreign entity with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Norwegian Gem*.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## FACTS COMMON TO ALL COUNTS

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Norwegian Escape.*

8. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Norwegian Escape*.

9. On or about February 15, 2017, the Plaintiff was a paying passenger aboard the *Norwegian Escape* vessel, which was in navigable waters.

10. On or about February 15, 2017, the Plaintiff slipped and fell on a wet, slippery and/or hazardous flooring surface while dancing and sustained severe injuries.

## COUNT I – GENERAL NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

- 3 -

11. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

12. On or about February 15, 2017, Defendant and/or its agents, employees and/or crewmembers breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to maintain the subject area in a clean and dry condition; and/or

   b. Failure to adequately and regularly inspect the subject area for wet and slippery conditions; and/or

   c. Failure to adequately and regularly monitor the subject area to maintain it free of wet and slippery conditions; and/or

   d. Failure to regularly and adequately clean the subject area; and/or

   e. Failure to close off and/or place warning signs on or around the wet and slippery areas on the deck; and/or

   f. Failure to instruct passengers and the Plaintiff concerning footwear; and/or

   g. Failure to correct hazardous conditions following other slip and fall accidents on the same area, same deck and/or same flooring surface; and/or

   h. Failure to utilize reasonably safe flooring surface in light of the anticipated purpose of the deck; and/or

   i. Failure to have a non-slip or non-skid flooring surface on or around the subject area; and/or

   j. Failure to place rubber mats or other non-slip coverings or substance on or around the subject area; and/or

k. Failure to adequately test the coefficient of friction and slip resistance of the flooring surface before opening it up to passengers and the Plaintiff; and/or

l. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject steps in a reasonably safe condition; and/or

m. Failure to prevent passengers from dancing in the subject area; and/or

n. Failure to warn passengers regarding the hazards of dancing in the subject area; and/or

o. Failure to provide an adequate deck and/or flooring surface for dancing; and/or

p. Failure to incorporate applicable standards, including the Americans with Disabilities Act (ADA), to deck and/or flooring surfaces open to passengers like the Plaintiff.

13. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

14. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

15. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are

permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

16. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

17. At all times material hereto, it was the duty of Defendant to warn passengers of dangers that were known, or reasonably should have been known, to Defendant in places where passengers are invited to or may reasonably be expected to visit.

18. On or about February 15, 2017, the Plaintiff was dancing in an area that the Plaintiff was invited to by Defendant and an area Defendant reasonably expected the Plaintiff to be in during the cruise when she slipped and fell on a wet and unreasonably slippery deck and/or flooring surface.

19. On or about February 15, 2017, Defendant and/or its agents, employees and/or crewmembers breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the wet and slippery condition of the subject area; and/or

    b. Failure to adequately warn the Plaintiff of the danger posed by the flooring surface; and/or

    c. Failure to adequately warn the Plaintiff of the risks and/or dangers associated with the wet and slippery condition of the subject area; and/or

    d. Failure to adequately warn passengers and the Plaintiff of other slip and fall accidents previously occurring on same area, same deck and/or same flooring surface.

20. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

21. At all times material hereto, the wet, slippery and/or hazardous flooring surface and/or steps amounted to dangerous conditions.

22. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.  Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

23. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the

future.  In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

    Respectfully submitted,

    LIPCON, MARGULIES,
    ALSINA & WINKLEMAN, P.A.
    *Attorneys for Plaintiff*
    One Biscayne Tower, Suite 1776
    2 S. Biscayne Boulevard
    Miami, Florida 33131
    Telephone No.: (305) 373-3016
    Facsimile No.: (305) 373-6204

By: */s/ Jacqueline Garcell*
    **JASON R. MARGULIES**
    Florida Bar No. 57916
    jmargulies@lipcon.com
    **JACQUELINE GARCELL**
    Florida Bar No. 104358
    jgarcell@lipcon.com